UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **JUAN CARLOS MENDOZA,** § | |
| *Plaintiff,* § | |
| § | |
| VS. § | **CIVIL ACTION NO.:** |
| § | |
| **CITY OF BROWNSVILLE, TEXAS** § | |
| *Defendant.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff, **JUAN CARLOS MENDOZA,** ("Mendoza"), and files this his Original Complaint against Defendant, City of Brownsville, Texas, ("Brownsville"), and in support thereof, alleges as follows:

### I. INTRODUCTION

1. Defendant's official policies, practices and customs, and the arresting officer's errors, and omissions and deliberate indifference deprived Plaintiff of his clearly established constitutional federal right to personal safety and security, in contravention to the Fourth Amendment.

### II. PARTIES

2. Plaintiff, Juan Carlos Mendoza, is a resident of Cameron County, Texas.

3. Defendant, City of Brownsville, Texas is a municipal corporation duly organized under the laws of the State of Texas, located in Cameron County, Texas.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1334 and all other applicable laws.

5.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because said claims arise from the same case or controversy as Plaintiff's §1983 claims, which is within this Court's original jurisdiction under Article III of the United States Constitution.

6.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 and all other applicable laws.

## IV. Facts

7.     On or about December 14, 2023, Plaintiff was employed as an offshore pipe fitter for ABLE Co., based in Tampico, Tamaulipas, Mexico. On the date in question, Plaintiff had just finished a stint offshore, and had recently flown into Matamoros, Tamaulipas, Mexico, as part of his travel back home. To reenter the United States of America, Plaintiff crossed at the Los Tomates International Port of Entry.

8.     While attempting to legally reenter the United States, Plaintiff's vehicle was stopped by United States Homeland Security Officers, and he was instructed to move over to the secondary inspection area. Once at the secondary inspection area, Plaintiff was advised that there was a warrant for his arrest filed by the Brownsville Police Department. The idea that such a warrant would even exist came as a complete and utter shock to Plaintiff.

9.     In order to comply with the pending warrant, federal agents held Plaintiff in a holding cell at the Los Tomates International Port of Entry to await the arrival of Brownsville Police officers. During that time he was officially detained, and unable to voluntarily leave the area. Moreover, he was detained in a room by himself, was not given the opportunity of a phone call, nor was he even read his *Miranda* warnings. Eventually, after more than two (2) hours, city officers arrived and transported him to the Brownsville City Jail.

10.    Pursuant to this warrant, Plaintiff was detained overnight at the Brownsville Police Department, until he went before a magistrate judge the following morning. At his arraignment,

Plaintiff received a personal reconnaissance bond for what he ultimately learned was the crime for which he was wrongfully accused – the purported theft of a washing machine left curbside in his neighborhood. The warrant itself was procured as a result of an incomplete and substandard investigation of the underlying theft by the Brownsville Police Department. Thereafter, the execution of said warrant, which culminated in Plaintiff's arrest and detention, was improper, given Plaintiff's continued declaration of his innocence.

11. Upon his release, Plaintiff retained criminal defense counsel, and, ultimately, within three months of his arrest, the criminal charges were ultimately dropped against him. However, the damage incurred by the false allegations, and resulting arrest, were immediate and wide-ranging. Because of his arrest, Plaintiff was unable to cross into Mexico to return to his job as an offshore pipe-fitter. While he missed a month of work until the charges were pending, he ultimately was terminated as a result of his prolonged absence caused by this arrest. The arrest itself caused significant emotional distress and mental anguish to Plaintiff, and said distress continues to this day.

## V. CAUSES OF ACTION

**A.    42 U.S.C. §1983 Claim**

12. Plaintiff hereby incorporates by reference all the foregoing as if fully set forth herein.

13. Plaintiff hereby brings a claim under Title 42, United States Code Section 1983, given the deprivation of rights, privileges and immunities afforded to him under the Constitution and applicable laws of the United States and the State of Texas  Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience. The stated actions contained within this petition demonstrate a significant and

indisputable attack on Plaintiff's right to enjoy life, liberty and property, as such protections are afforded him by and through the Constitution and applicable laws of the United States and the State of Texas.

14. Plaintiff was denied equal protection and treatment under the law when he was targeted by Defendant, by through the negligent and/or intentional acts of its agents, employees and/or representatives, in the slipshod investigation which led to his unfortunate arrest. There was no probable cause for either the issuance of the arrest warrant nor for the subsequent false arrest. Defendant cannot offers any cognizable or justifiable reason as to why said actions were taken against Plaintiff.

**B.      Defendant City of Brownsville – §1983 *Monell Claim* – Failure to Train**

15. Plaintiff hereby incorporates by reference all the foregoing as if fully set forth herein.

16. Prior to December 14, 2025, the City of Brownsville, had in effect policies, practices, or customs that perpetuated and fostered the unconstitutional conduct of its investigating and arresting officers.

17. Prior to December 14, 2025, the City of Brownsville, failed to properly train its agents, employees and officers, regarding the necessary and required protocols to be followed while investigating crimes, and in the procurement and execution of an arrest warrant.

18. Prior to December 14, 2025, the City of Brownsville, provided no specialized training to its officers, on how to safely care for the safety of the general public when investigating crimes and arresting individuals legitimately suspected of crimes.

19. Defendant, the City of Brownsville, knew or should have known that such policy was likely to cause constitutional injuries to civilians, including Plaintiff.

20. As such, Defendant, City of Brownsville was deliberately indifferent and reckless with respect to the obvious consequences of its failure to train its officers adequately, including the potential violations of constitutional rights of its inhabitants such as Plaintiff.

21. The failure to train constituted an official policy of Defendant, City of Brownsville, Texas.

22. The aforementioned Defendant, City of Brownsville's policy was the moving force behind the actions of its officers, resulting in Plaintiff's injuries.

23. As a further direct and proximate result of the acts and omissions of Defendant, City of Brownsville, Plaintiff has suffered damages as result of the violation of state and federal constitutional rights and incurred and will continue to incur attorneys' fees.

**C.     False Imprisonment**

24. Plaintiff hereby incorporates by reference all the foregoing as if fully set forth herein.

25. Defendant, City of Brownsville, by and through its employees, agents and/or representatives, willfully and intentionally detained Plaintiff, inhibiting his ability to move and prohibiting him from departing their incarceration. Said detention was done without Plaintiff's consent, and the detention was lacking in legal justification. As a result of the acts, errors and omissions of the City of Brownsville Police Officers, Plaintiff sustained significant damages as a result.

**D.     Negligence**

26. Plaintiff hereby incorporates by reference all the foregoing as if fully set forth herein.

27. Defendant, City of Brownsville, owed a duty to Plaintiff to ensure that his rights were protected and he was free from any improper detention. By and through the collective acts, errors and/or omissions of its police officers, employees, agents and representatives, breached its duty of

reasonable care owed Plaintiff by effectuating his illegal and unauthorized arrest. The subsequent illegal arrest caused the underlying damages for which Plaintiff now brings this lawsuit.

## VI. Damages

28. Plaintiff hereby incorporates by reference all the foregoing as if fully set forth herein.

29. The actions of Defendants deprived Plaintiff of his civil rights under the United States Constitution, various federal statutes and Texas common law. As a direct and proximate result of Defendant's actions, Plaintiff suffered great distress, pain, anguish, fear, suffering, lost wages, lost earning capacity and monetary damages for which he is entitled to compensatory and actual damages.

## VII. Jury Demand

30. Demand is hereby made for a jury to decide all fact issues in this case, and Plaintiff have tendered the jury fee.

## VIII. Capacity/Conditions Precedent

31. Plaintiff brings claims against Defendants in all capacities in which they are liable. All conditions precedent necessary to bring this suit have occurred or have been performed.

## IX. Attorney Fees

32. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b).

## X. Prayer

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer, and that upon trial, Plaintiff have and recover from Defendant the following:

   A.   Award compensatory, actual, and punitive damages to Plaintiff and against the Defendants, jointly and severally, as applicable;

B. Award and allow Plaintiff costs and attorney's fees pursuant to The Civil Rights Attorneys' Fees Awards Act of 1976;

C. Award pre-judgment and post-judgment interest at the highest rate allowable under the law; and

D. Award and grant such other just relief as the Court deems proper.

    Respectfully submitted,

    **LAW OFFICE OF ROBERT GUERRA, PLLC.**

By: */s/ Robert L. Guerra, Jr.*
    Robert L. Guerra, Jr.
    State Bar No. 24036694

    1201 E. Van Buren St.
    Brownsville, Texas 78520

    2601 Morgan Ave.
    Corpus Christi, Texas 78405

    (956) 254-0694 (Telephone)
    E-Mail: rguerra@rguerralaw.com
    **Attorney for Plaintiff,**
    **JUAN CARLOS MENDOZA**